IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Gutierrez-Valencia,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-12-1318-PHX-JAT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR U.S. DISTRICT JUDGE:

　　Luis Gutierrez-Valencia filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 convictions for two counts of sexual conduct with a minor and one count of attempted sexual conduct with a minor, and the trial court's imposition of consecutive terms of imprisonment totalling 89 years. Gutierrez-Valencia raises four grounds for habeas relief: (1) he is entitled to use the information obtained from polling the jury; (2) the appellate court erred by ordering the trial court to re-poll one juror two years after he had been dismissed; (3) because the trial court cannot determine whether the verdict was unanimous from the record, it must be vacated; and (4) he received the ineffective assistance of trial and appellate counsel. Respondents contend that Gutierrez-Valencia's petition is untimely filed and that he is not entitled to statutory or equitable tolling. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

Following the September 18, 2003 Arizona State Court of Appeals memorandum decision affirming his convictions and sentences, and the issuance of a mandate on November 3, 2003, Gutierrez-Valencia petitioned for review on December 19, 2003 (Doc. 20, Exh F, G). On January 22, 2004, the court of appeals vacated the mandate (*Id.*, Exh H). On April 16, 2004, the court of appeals revested jurisdiction in the superior court for an evidentiary hearing to explain "a typographical error and/or omission in the record" regarding the polling of the jury (*Id.*, Exh I). Although the minute entry stated that all twelve jurors were polled, the transcript indicated that only eleven jurors had been polled (*Id.*).

On April 21, 2004, the court of appeals directed the superior court to take such action "as may be necessary to enable it to determine whether all twelve jurors were polled as to their concurrence in the verdict at trial" (*Id.*, Exh J). On June 11, 2004, the trial court held an evidentiary hearing, and on August 2, 2004, issued a detailed minute entry, with findings of fact and conclusions of law. Specifically, the trial court found that "the jury stated (en masse) that these were their true verdicts, one and all" and that the juror in question testified "that the verdicts were his as well" (*Id.*, Exh K, L, M). Following supplemental briefing, the court of appeals issued a supplemental memorandum decision on December 16, 2004, affirming the convictions and sentences (*Id.*, Exh N-R).

On January 28, 2005, Gutierrez-Valencia petitioned for review; on September 27, 2005 the supreme court denied review (*Id.*, Exh S, T). On November 1, 2005, the court of appeals issued its mandate (*Id.*, Exh U). On October 31, 2005, Gutierrez-Valencia filed a Notice of Post-Conviction Relief; on November 4, 2005, the trial court dismissed the notice as untimely (*Id.*, Exh V, W). On September 13, 2006, Gutierrez-Valencia filed a subsequent Notice of Post-Conviction Relief (*Id.*, Exh X). On April 4, 2007, appointed counsel filed a Notice of Completion of Post-Conviction Review, informing the trial court that he had reviewed the record and was unable to find any claims for relief to raise in post-conviction proceedings (*Id.*, Exh Y). On May 25, 2007, Gutierrez-Valencia filed a supplemental Rule

32 memorandum (*Id.*, Exh Z). On October 4, 2007, the trial court summarily dismissed Gutierrez-Valencia's petition, finding that he had failed to state a colorable claim (*Id.*, Exh BB). On October 31, 2007, he petitioned for review; on September 26, 2008, the court of appeals denied review (*Id.*, Exh CC, DD). On March 7, 2009, Gutierrez-Valencia filed a motion for reconsideration in the court of appeals (*Id.*, Exh EE). In response, the Clerk of Court at the Arizona Court of Appeals sent him a letter informing him that his case had been terminated on November 17, 2008, and that the Arizona Rules of Criminal Procedure did not permit a motion seeking reconsideration of the denial of a petition for review (*Id.*, Exh FF). Gutierrez-Valencia filed his Petition for Writ of Habeas Corpus on June 19, 2012, and his Amended Petition on November 20, 2012 (Doc. 19).

## DISCUSSION

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For a state prisoner in Arizona who does not seek review through a petition for a writ of certiorari from the United States Supreme Court, the judgment becomes final 90 days from the date on which the Arizona Supreme Court denies review, the date that the time for seeking such review expires, "whether or not a petitioner actually files a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing *Carey v. Saffold*, 536 U.S. 214, 223

- 3 -

1  (2002)). However, the time between a first and second application for post-conviction relief
2  is not tolled because no application is "pending" during that period. *Id*. Moreover, filing a
3  new petition for post-conviction relief does not revive a limitations period that expired before
4  the new petition was filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

5  Gutierrez-Valencia's conviction became final on December 26, 2005, 90 days after
6  the Arizona Supreme Court denied review. *Bowen*, 188 F.3d at 1158-59. The one-year
7  limitations period began to run on that date and expired on December 26, 2006. Absent any
8  statutory or equitable tolling, Gutierrez-Valencia's Amended Petition, filed almost six years
9  later, is untimely. His October 31, 2005 Notice of Post-Conviction relief tolled the
10 limitations period until the trial court dismissed his petition on November 4, 2005. He filed
11 a subsequent petition on September 13, 2006, still within the one-year limitations period, and
12 the period was tolled until the conclusion of those post-conviction proceedings, when the
13 court of appeals denied review of the trial court's dismissal of his petition on September 26,
14 2008. Gutierrez-Valencia waited four more years before filing his federal petition, well
15 beyond the one-year limitations period. Regarding his March 7, 2009 motion for
16 reconsideration, even if Gutierrez-Valencia could argue that it was filed before the period
17 of limitations had lapsed, it did not toll the limitations period. A state prisoner is not
18 permitted to seek reconsideration of an order denying a petition for review. *See*
19 Ariz.R.Crim.P. 31.18(d).

20 Gutierrez-Valencia is entitled to equitable tolling only if he establishes that he has
21 been pursuing his rights diligently and some extraordinary circumstances prevented him from
22 filing a timely petition. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Gutierrez-
23 Valencia has not demonstrated that he was pursing his rights diligently. In state court, he
24 waited almost a year before filing a subsequent post-conviction petition, citing his need for
25 assistance because of post-surgical limitations with his hand, and a need for legal assistance.
26 Once those proceedings were completed, however, he waited *four* more years before filing
27 his federal petition.

28

1  He states in his Amended Petition that his federal petition is untimely for the
2  following reasons:

3  Due to my circumstances and the prison's limited facilities I am unable to complete the filing in a timely manner.

4  
5  • medical conditions;
   • needing a typewriter and having to obtain a court order to obtain one;
   • paralegal's unwillingness to assist the Petitioner; and
6  • being locked down 24/7 with no access to legal materials.

7  (Doc. 19 at 15).

8  In his Motion for Consideration filed on March 20, 2009, Gutierrez-Valencia states
9  that because of an operation on his hand, "it locks up after a few minutes of writing and
10 becomes very painful to write at all." He stated this as one reason why he failed to "respond"
11 to the trial court's 2008 dismissal of his post-conviction petition. As an inmate, Gutierrez-
12 Valencia has no federal right to the use of a typewriter, *Lindquist v. Idaho State Bd. Of Corr.*,
13 776 F.2d 851, 858 (9th Cir. 1985), thus the need for a court order to obtain one. Gutierrez-
14 Valencia does not explain, however, why this condition caused a *four-year* delay in filing the
15 petition. The Court notes that his Amended Petition was both hand written and typed,
16 indicating that his medical condition did not prevent him from preparing his petition.

17 Regarding the paralegal's lack of willingness to assist him, the Rules of the Arizona
18 Department of Corrections forbid paralegals from giving legal advice. Finally, his lock down
19 status alone is not sufficient grounds for equitable tolling. *Ramirez v. Yates*, 571 F.3d 993,
20 998 (9th Cir. 2009). Gutierrez-Valencia does not allege a complete lack of access to his legal
21 file, *Id*. at 998, *citing Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir.
22 2005), only his being housed in lock down status in a maximum security facility. That status
23 alone is insufficient to establish equitable tolling. "Ordinary prison limitations on [an
24 inmate's] access to the law library" are "neither 'extraordinary" nor ma[k]e it "impossible"
25 for an inmate to file his petition in a timely manner." *Ramirez*, 571 F.3d at 998. Gutierrez-
26 Valencia is not entitled to equitable tolling.

27
28

- 5 -

**IT IS THEREFORE RECOMMENDED** that Luis Gutierrez-Valencia's Amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice (Doc. 19).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 16th day of October, 2013.

_____
David K. Duncan
United States Magistrate Judge