WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Gutierrez-Valencia,<br><br>                   Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>                   Respondents. | No. CV-12-01318-PHX-JAT<br><br>**ORDER** |

      Pending before this Court is Petitioner's amended petition for writ of habeas corpus ("Petition"). Magistrate Judge Duncan issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice (Doc. 28) because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations.

**I.    Factual Background**

      The R&R summarized the factual background and procedural history and Petitioner did not object to this history. (Doc. 28 at 1-3; Doc. 29). The Court adopts the R&R's history in this case.

      Specifically, on October 29, 2002, Petitioner was convicted of two counts of sexual conduct with a minor and one count of attempted sexual conduct with a minor. (Doc. 28, Ex. A at 1-2). The trial court imposed consecutive terms of imprisonment totaling 89 years. (Doc. 28, Ex. B at 1-3). As the R&R further recounted:

           Following the September 18, 2003 Arizona State Court of

Appeals memorandum decision affirming his convictions and sentences, and the issuance of a mandate on November 3, 2003, Gutierrez-Valencia petitioned for review on December 19, 2003 (Doc. 20, Exh F, G). On January 22, 2004, the court of appeals vacated the mandate (*Id.*, Exh H). On April 16, 2004, the court of appeals revisited jurisdiction in the superior court for an evidentiary hearing to explain "a typographical error and/or omission in the record" regarding the polling of the jury (*Id.*, Exh I). Although the minute entry stated that all twelve jurors were polled, the transcript indicated that only eleven jurors had been polled (*Id.*).

On April 21, 2004, the court of appeals directed the superior court to take such action "as may be necessary to enable it to determine whether all twelve jurors were polled as to their concurrence in the verdict at trial" (*Id.*, Exh J). On June 11, 2004, the trial court held an evidentiary hearing, and on August 2, 2004, issued a detailed minute entry, with findings of fact and conclusions of law. Specifically, the trial court found that "the jury stated (en masse) that these were their true verdicts, one and all" (*Id.*, Exh K, L, M). Following supplemental briefing, the court of appeals issued a supplemental memorandum decision on December 16, 2004 affirming the convictions and sentences (*Id.*, Exh N-R).

On January 28, 2005, Gutierrez-Valencia petitioned for review; on September 27, 2005 the supreme court denied review (*Id.*, Exh S, T). On November 1, 2005, the court of appeals issued its mandate (*Id.*, Exh V, W). On October 31, 2005, Gutierrez-Valencia filed a Notice of Post-Conviction Relief; on November 4, 2005, the trial court dismissed the notice as untimely (*Id.*, Exh V, W). On September 13, 2006, Gutierrez-Valencia filed a subsequent Notice of Post-Conviction Relief (*Id.*, Exh X). On April 4, 2007, appointed counsel filed a Notice of Completion of Post-Conviction Review, informing the trial court that he had reviewed the record and was unable to find any claims for relief to raise in a post-conviction proceedings (*Id.*, Exh Y). On May 25, 2007, Gutierrez-Valencia filed a supplemental Rule 32 memorandum (*Id.*, Exh Z). On October 4, 2007, the trial court summarily dismissed Gutierrez-Valencia's petition, finding that he had failed to state a colorable claim (*Id.*, Exh BB). On October 31, 2007, he petitioned for review; on September 26, 2008, the court of appeals denied review (*Id.*, Exh CC, DD). On March 7, 2009, Gutierrez-Valencia filed a motion for reconsideration in the court of appeals (*Id.*, Exh EE). In response, the Clerk of the Court at Arizona Court of Appeals sent him a letter informing him that his case had been terminated on November 17, 2008, and that the Arizona Rules of Criminal Procedure did not permit a motion seeking reconsideration of the denial of a petition for review (*Id.*, Exh FF). Gutierrez-Valencia filed his Petition for Habeas Corpus on June 19, 2012, and his Amended Petition on November 20, 2012 (Doc. 19).

(Doc. 28 at 2-3).

## II.     R&R

On October 16, 2013, the Magistrate Judge issued an R&R recommending that this Court deny the Petition as barred by the AEDPA's statute of limitations. (*Id.* at 1-6). The AEDPA provides a one-year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 3 (citing 28 U.S.C. § 2244(d)(2))). "For a state prisoner in Arizona who does not seek review through a petition for writ of certiorari from the United States Supreme Court, the judgment becomes final 90 days from the date on which the Arizona Supreme Court denies review, the date that the time for seeking such review expires, 'whether or not a petitioner actually files a petition.'" (*Id.* (citing *Bowen v. Roe,* 188 F.3d 1157, 1158-59 (9th Cir. 1999))).

Starting with statutory tolling, the Magistrate Judge explained that on December 26, 2005, 90 days after the Arizona Supreme Court denied review, Petitioner's conviction became final. (*Id.* at 4 (citing *Bowen*, 188 F.3d at 1158-59)). Therefore, the one-year limitations period began to run on that date and concluded on December 26, 2006. (*Id.*). The Magistrate Judge then noted, absent any statutory or equitable tolling, the Petition, filed nearly six years later, is untimely. (*Id.*).

In the R&R, the Magistrate Judge found that Petitioner is entitled to statutory tolling while his October 31, 2005 Notice of Post-Conviction Relief was pending (October 31, 2005 – November 4, 2005). However, because that filing was denied by the state court as untimely, it was not properly filed and did not cause the AEDPA's statute of limitations to be tolled. *See Allen v. Siebert*, 552 U.S. 3, 6 (2007).

Next, in the R&R, the Magistrate Judge found that Petitioner is entitled to statutory tolling for the time his second Notice of Post-Conviction Relief was pending (September 13, 2006 – September 26, 2008). It appears the state courts resolved this petition on the merits; therefore, the Court accepts the recommendation of the R&R that Petitioner is entitled to statutory tolling for this time period. Even giving Petitioner an extra 6 days of tolling, the Magistrate Judge then concluded that Petitioner waited four

additional years before filing his federal petition, which is well beyond the one-year limitations period. (*Id.*).

Turning to equitable tolling, the Magistrate Judge explained that Petitioner is entitled to equitable tolling only if he: (1) establishes that he has been pursuing his rights diligently and (2) some extraordinary circumstances prevented him from filing a timely petition. (*Id.* (citing *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010))). The Magistrate Judge determined that Petitioner failed the first prong of the test because he initially waited "almost one year before filing a subsequent post-conviction petition, citing his need for assistance because of post-surgical limitations with his hand and a need for legal assistance." (*Id.*). Once those proceedings were completed, he "waited four more years before filing his federal petition." *Id.*

Petitioner's Petition states his federal habeas petition is untimely because: (1) medical conditions barred him from writing, (2) he required the use of a typewriter, (3) the paralegal was unwilling to assist him, and (4) he was locked down 24 hours a day with no access to legal materials. (*Id.* at 5). The Magistrate Judge notes the Petition was both hand written and typed, signifying his medical condition did not bar his preparation of the Petition. (*Id.*). Second, the Magistrate Judge cites a Ninth Circuit opinion stating, as an inmate, Petitioner has no federal right to the use of a typewriter. (*Id.* (citing *Lindquist v. Idaho State Bd. Of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985))). The Magistrate Judge then addresses the third claim by stating the Rules of the Arizona Department of Corrections forbid paralegals from giving legal advice. (*Id.*). Finally, the Magistrate Judge finds that Petitioner's lockdown status alone is not sufficient grounds for equitable tolling. (*Id.* (citing *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009))). As a result, the Magistrate Judge concludes Petitioner is not entitled to equitable tolling. (*Id.*).

III.   **Review of an R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that

1 the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made,* but not otherwise." *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Petitioner has included additional evidence regarding his attempts to access legal materials and receive assistance from a paralegal in his objection to the R&R. The Court "has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a Magistrate Judge's recommendation." *U.S. v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). However, "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* at 622. Additionally, "in certain circumstances a district court abuses its discretion when it fails to consider new arguments or evidence proffered by a *pro se* habeas petitioner." *Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013). In this case, Petitioner filed objections to the R&R and submits additional evidence for consideration.  The Court will exercise its discretion and consider Petitioner's additional evidence.

**IV.    The Petitioner's Objections**

Petitioner claims he is entitled to an equitable exception from AEDPA's statute of limitations because he was denied access to his legal files.  (Doc. 29 at 1-4).   In his objection to the Magistrate Judge's R&R, Petitioner presents additional evidence that he was barred from filing a timely habeas petition.

Petitioner admits his one-year statute of limitations period began September 9, 2008 and expired September 9, 2009 in the absence of a recognized exception.   (Doc. 29 at 2).  He then argues that he is entitled to equitable tolling that would render his petition timely filed.

- 5 -

To receive equitable tolling, "'[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (quoting *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006)). Additionally, Petitioner must show that "'the extraordinary circumstances were the cause of the untimeliness.'" *Id.* (quoting *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003)). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Spitsyn*, 345 F.3d at 799 (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Petitioner argues that he was deprived of his legal materials and was consequently unable to develop his habeas petition. (Doc. 29 at 3). However, Petitioner must bear the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition late. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

While Petitioner provides copies of his numerous attempts to contact employees of the Arizona Department of Corrections in order to obtain his legal materials, his due diligence requirement is still not met. The Court will first summarize Petitioner's relevant exhibits submitted with his objection to the R&R.

Petitioner first formally requested his legal materials in a December 29, 2008 grievance to the Property Sergeant. (Doc 29 at 14-15). A day later the response from the Property Sergeant explained that all of Petitioner's legal materials were not lost, as alleged, and were properly accounted for. (*Id.* at 15). His next request for materials took place on April 26, 2009; the Court cannot locate a response to that request in the record. *Id.*

The next exhibit relating to Petitioner's legal materials is a response from the Maricopa County Clerk's Office in which they explained they could not provide some or all of the legal materials requested but that Petitioner may contact an attorney for more

information. (*Id.* at 21). On May 1, 2011, Petitioner requested legal materials from the prison warden; Petitioner has not submitted the response to that request to the Court. (*Id.* at 23). It appears sometime between the aforementioned request to the warden and a 2012 order to show cause from the Maricopa County Superior Court, Petitioner was given his legal files on a compact disc ("CD"). There is no evidence in the record as to the outcome of the order to show cause. On March 23, 2012, Petitioner wrote a letter to a Legal Access Monitor requesting a way to view the CD that contained his legal files. (*Id.* at 27). The May 5, 2012 response states Petitioner was "approved to obtain a ("Lab Top") [Sic.] at your own expense so you may review your CDs/DVDs." (*Id.* at 29).

While Petitioner has been active in his pursuit of legal materials, he has not met his burden to show an extraordinary circumstance prevented timely filing. The alleged lack of access to legal materials did not prevent a timely filing. To the contrary, Petitioner acknowledges he was able to draft the currently pending petition despite never having received the legal materials in a readable format. (Doc. 29 at 4). Thus, Petitioner could have filed the habeas petition at any point during the one-year statute of limitations. He makes no claim stating he is privy to more legal materials at the time he filed his objection to the R&R than he was in 2008.

Further, Petitioner does not allege a complete lack of access to his legal file, only his being housed in lock down status in a maximum security facility. (Doc. 28 at 5). Petitioner has not provided this Court with any specific details regarding what legal materials he was seeking and how they would be of assistance in his habeas filing. Additionally, Petitioner does not dispute that his lock down status is an ordinary prison limitation. "'Ordinary prison limitations on [an inmate's] access to the law library' are 'neither extraordinary' nor ma[k]e it 'impossible' for an inmate to file his petition in a timely manner." (*Id.* (citing *Ramirez*, 571 F.3d at 998)).

Petitioner also contends some of the broad purposes and policies behind the writ of habeas corpus and the one-year limitation period of the AEDPA are applicable. (*Id.* at 4-5)). The United States Supreme Court requires that equitable tolling be used only to

1 protect diligent petitioners facing extraordinary circumstances that prevent them from
2 timely filing habeas petitions. *Waldron-Ramsey v. Pacholke*, 559 F.3d 1008, 1014 (9th
3 Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner's policy
4 based assertions are not necessarily incorrect but the Court is not persuaded by the overly
5 broad nature of such claims.[1] Thus, Petitioner has failed to establish that he is entitled to
6 equitable tolling. As a result, the Court concludes that the Petition in this case is barred
7 by the statute of limitations.

8 **V. Conclusion**

9 Based on the foregoing,

10 **IT IS ORDERED** that the Report and Recommendation is accepted and adopted
11 (Doc. 28), the objections are overruled (Doc. 29), the Petition in this case is denied with
12 prejudice, and the Clerk of the Court shall enter judgment accordingly.

13 **IT IS FURTHER ORDERED** that, in the event Petitioner files an appeal, and
14 pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court denies
15 issuance of a certificate of appealability because dismissal of the Petition is based on a
16 plain procedural bar and jurists of reason would not find this Court's decision debatable
17 or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

18 Dated this 5th day of May, 2014.

*James A. Teilborg*
Senior United States District Judge

---

[1] For example, Petitioner states a purpose for a procedural bar is to ensure an inmate does not file successive and abusive petitions. (Doc. 29 at 5). Petitioner then argues that for the Court to rely mostly on the procedural bar not only would violate Petitioner's right to file the petition but also allow the constitutional claims within the petition to go uncorrected. (*Id.*).